Estate of Albert I. Wolfe, Deceased, Geraldine Wolfe and Rosalie L. Wolfe, Executrices v. Commissioner.
Estate of Albert I. Wolfe v. Commissioner
Docket No. 47742.
United States Tax Court
1954 Tax Ct. Memo LEXIS 328; 13 T.C.M. (CCH) 22; T.C.M. (RIA) 54023; January 15, 1954
*328 Douglas D. Felix, Esq., and Lloyd R. Rees, Esq., for the petitioner. Ralph V. Bradbury, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in estate tax in the amount of $32,085.00 with respect to the estate of Albert I. Wolfe, who died on January 3, 1949. The principal issue is whether the Commissioner erred in determining the fair market value of three items of property included in the gross estate, namely, 460 shares of stock in the Danville Bank, Danville, Ohio, constituting 92 per cent of its outstanding stock, a farm in Ohio, and a tract of land in Florida. At the end of the trial, the conclusions of the presiding judge were announced from the bench, and petitioner was requested to submit proposed findings of fact with opportunity to respondent to express agreement or disagreement with any such findings. The estate tax return reported the value of the bank stock as $74,000. The Commissioner determined that the stock had a fair market value of $141,580.29. The petition alleged a fair market value of not in excess of $55,200. This issue was explored extensively at the trial through *329 the testimony of several of petitioner's expert witnesses, who impressed us as being reliable and fair. On the whole, we accept their views but must make some upward adjustment in their conclusions because we think they did not give sufficient weight to the earnings of the bank. We find as a fact that the stock had a fair market value on the date of decedent's death $160of a share, or a total of $73,600. The Ohio farm was valued at $20,000 in the estate tax return, but the Commissioner placed a value of $25,000 upon it. The petition alleged a value of not in excess of $19,000, and at the trial, Geraldine Wolfe, an executrix of the decedent's will, testified as to a value of $17,000. She showed considerable familiarity with property values in the area; she was candid in her testimony and impressed us, on the whole, as being sound. The Commissioner presented no evidence on this issue. We think that the petitioner has carried the burden of proving that the Commissioner erred on this issue. However, we do not accept the $17,000 valuation proposed by the witness. We think that a gas lease on the property, even though cancellable at will, which was actually productive of royalties, more *330 than offset other advantages of two nearby farms, the sale prices of which the witness used as a standard in reaching her valuation. It is our best judgment and we so find as a fact that the farm had a fair market value of $20,000.00 on the date of decedent's death. The final item of property is a tract of unimproved Florida real estate. Two expert witnesses for the petitioner and one for the respondent presented testimony as to the value of this tract. It had been reported in the return at $50,000. Respondent valued it at $85,000, and the petition claimed a value of $32,500. At the time of decedent's death a change in zoning had been approved by the Circuit Court of Dade County, Florida, with respect to the property that would have enhanced its value. On the date of decedent's death an appeal from that decision was pending in the Supreme Court of Florida, having been argued on December 17, 1948. The Supreme Court of Florida affirmed the decision on March 22, 1949. As a result of the pending of the litigation on the date of decedent's death, the property cannot be valued as though the change in zoning were already a fait accompli. However, the fact that a change in zoning was in *331 prospect is an element that certainly can be taken into account in determining value as of January 3, 1949. After considering all the evidence, we find as a fact that the property had a fair market value of $55,000 on January 3, 1949. The foregoing findings of value dispose of all the issues except one, namely, the amount of deduction allowable to petitioner by reason of expenses incurred in litigating this case. That issue may be resolved at the time the parties file their computations under Rule 50. Decision will be entered under Rule 50.